UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

In Re:  }
 }  Case Number: 18-11235-M
FOSTER, SR, Jimmy Lee }  Chapter 13
    SSN: xxx-xx-8081 }
 }
  Debtor. }

# CHAPTER 13 PLAN

V. 03/15/18

Select One:

**AMENDED PLAN PRECONFIRMATION**

## Part 1: Notices

**Debtor(s) must check "Included" on each line in the following chart for the provisions related to that paragraph to be effective. If a box is not checked, the Plan does not include the provision, and the provision will be ineffective if set out later in the Plan.**

| 1.1 | This Plan contains nonstandard provision(s), set out in Part 8 | ☒ Included |
|---|---|---|
| 1.2 | This Plan limits the amount of a secured claim in Part 3, Section 3.2.2 based on a valuation of the collateral for the claim that may result in a partial payment or no payment to the secured creditor | ☒ Included |
| 1.3 | This Plan avoids a security interest or lien in Part 3, Section 3.5 | ☐ Included |

To Debtors: The presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and prior judicial rulings may not be confirmable.

To Creditors: Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated.

You should read this Plan carefully and discuss it with your attorney.

If you oppose the Plan's treatment of your claim or any provision of this Plan, you or your attorney must file an objection to confirmation at least seven (7) days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this Plan without further notice if no objection to confirmation is filed. See Federal Rule of Bankruptcy Procedure 3015. **You are required to timely file a proof of claim in order to receive payments under any Plan. If you do not timely file a proof of claim you may not receive any payments under the Plan and funds that you otherwise would have received may be paid to other creditors and a Court could find that you have waived your right to payment of the amounts that would otherwise be due to you under applicable nonbankruptcy law.**

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the Trustee as follows:**

$1,250.00 per month for months 1-3

$1,100.00 per month for months 4-60;

*Insert additional lines if needed for step payments.*

Plan payments to the Trustee shall commence on or before (July 21, 2018) 30 days after the Chapter 13 Petition is filed.

The Trustee's preset percentage fee established by the Attorney General of the United States or its designee shall be deducted from each payment upon receipt and transferred to the Chapter 13 Expense Account.

If the Trustee is paying current ongoing postpetition mortgage payments under Section 3.1 of this Plan, upon the filing of a Notice of Payment Change by the mortgage servicer under Federal Rule of Bankruptcy Procedure 3002.1(b), or a Notice of Fees, Expenses and Charges under Federal Rule of Bankruptcy Procedure 3002.1(c), the Trustee is authorized (but not required) to increase the Debtor(s)' Plan payments to accommodate any increases stated in the notice(s) without necessity of formal modification of the Plan. In the event that the Plan payment is increased by the Trustee under this provision, the Debtor(s) and Debtor(s)' Attorney will be given seven (7) days' notice and opportunity to object to such increase.

**2.2 Income tax refunds.**

Debtor(s) will timely file all required income tax returns and supply the Trustee with a complete copy (including all attachments) of each income tax return (both state and federal) filed during the Plan term within fourteen (14) days of filing the return and will turn over to the Trustee all net income tax refunds, minus earned income tax credits, received during the Plan term. Income tax refunds shall be paid to the Trustee in addition to the Plan payments stated above.

**2.3 Additional payments.**

*Check one.*

☒ **None**. *If "None" is checked, the rest of § 2.3 need not be completed or reproduced.*

☐ Debtor(s) will make additional payment(s) to the Trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

| Part 3: | Treatment of Secured Claims |
|---|---|

**3.1 Maintenance of payments on claims secured only by principal residence of Debtor(s) and cure of default, if any.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ Debtor(s) will maintain the current ongoing postpetition installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. The current ongoing monthly payments will be disbursed either by the Trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the Trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the Court, the amounts stated on a timely filed proof of claim under Federal Rule of Bankruptcy Procedure 3002(c) shall control over any contrary amounts stated below with respect to the current installment payment and the total amount of arrearage. If relief from the automatic stay is ordered as to the principal residence listed in this paragraph, then, unless otherwise specifically ordered by the Court, all payments under this paragraph as to that collateral or principal residence including arrearage payments will cease, and all secured claims based on that collateral will no longer be treated by the Plan. The final column includes only payments disbursed by the Trustee rather than by the Debtor(s).

| Provision for Ongoing Monthly Mortgage Payments on Principal Residence ||||| 
|---|---|---|---|---|
| **Name of Creditor** | **Collateral** | **Current monthly installment payment** | **Monthly Payments** | **Number of Payments through Trustee** |
| The Money Source, Inc. | Residence: 2025 N. Rosedale Ave. Tulsa, OK  74127 | $863.89 Disbursed by: ☐ Trustee ☒ Debtor(s) | $863.89 | 0 |

*Payments received by holders and/or servicers of mortgage claims for ongoing postpetition installment payments shall be applied and credited to the Debtor(s)' mortgage account as if the account were current and no prepetition default existed on the petition date. No late charges, fees or other monetary amounts shall be assessed due to the timing of any payments made by the Trustee under the Plan.*

| Provision for Mortgage Arrearage Payments on Principal Residence |||||||
|---|---|---|---|---|---|---|
| **Name of Creditor** | **Collateral** | **Amount of arrearage** | **Gap Payment* (if applicable)** | **Total amount of arrearage** | **Interest rate on arrearage (if applicable)** | **Monthly Payments** | **Number of Payments** |
| The Money Source, Inc. | Residence: Prepetition Arrearage | $70.29 | N/A | $70.29 | 0.00 % | Paid direct to creditor by borrower | |
| The Money Source, Inc. | Residence: NPMFEC | $900.00 | N/A | $900.00 | 0.00% | Paid direct to creditor by borrower | |

*\*For purposes of this Plan, when the ongoing postpetition mortgage payment is disbursed by the Trustee, the term "Gap Payment" is*

*defined as the ongoing postpetition mortgage payment(s) that becomes due between the petition date and the first day of the month following the due date of the first Plan payment to the Trustee.*

**3.2  Payment of fully secured claims, requests for valuation of collateral, and modification of undersecured claims.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

☒ **3.2.2 Requests for valuation of collateral and modification of undersecured claims.**

**This subsection will be effective only if the box at Part 1.2 of this Plan is checked.**

The Debtor(s) request that the Court determine the amount of the secured claims listed below with respect to non-governmental units. For each non-governmental secured claim listed below, the Debtor(s) state that the amount of the secured claim should be determined to be the amount stated in the column headed "Amount of secured claim". For secured claims of governmental units, unless otherwise ordered by the Court, the amount of a secured claim listed in a timely filed proof of claim controls over any contrary amount listed below.  The amount stated below in the "Monthly Payments and Number of Payments" column for each secured creditor shall be binding on that creditor, including governmental units, under 11 U.S.C. § 1327(a).

The portion of any allowed claim that exceeds the amount of the secured claim as determined under this Section of the Plan, will be treated as an unsecured claim under Part 5, § 5.2 of this Plan. If the amount of a creditor's secured claim is listed below as having no value, or if the creditor files its claim as an unsecured claim, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5, § 5.2 of this Plan.

The holder of any claim listed below as having value in the column headed "Amount of secured claim" will retain the lien on the property securing such claim until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or
(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral | Amount of Creditor's Total Claim | This claim is provided Adequate Protection* (Indicate Yes or No) | Value of Collateral | Amount of Secured Claim | Interest Rate | Monthly Payments | Number of Payments | Total of Monthly Payments |
|---|---|---|---|---|---|---|---|---|---|
| JP Morgan Chase Bank, N.A. | Rental Property 2147 N Frankfort Ave Tulsa, OK | $57,367.71 | No | $27,000.00 | $27,000.00 | 5.0 % | $155.61 $589.57 | 1-10 11-60 | $31,034.60 |
| OCCU | 2013 Chevy Pickup | $36,703.78 | No (Non-PMSI) | $17,150.00 | $17,150.00 | 5.0% | $323.64 | 1-60 | $19,418.40 |

*Insert additional claims as needed.*

***If "Yes" is indicated in this column, the named creditor is provided adequate protection under the provisions of 11 U.S.C. § 1326(a)(1)(C) in the manner stated in Local Rule 3070-2.  If "No" is indicated in this column, or if the column is left blank, the creditor shall not be entitled to adequate protection.*

**3.3  Secured claims excluded from 11 U.S.C. § 506 by final paragraph of 11 U.S.C. § 1325(a)**

*Check one.*

☒ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4  Other Long-Term Secured Debts**

*Check one.*

☒ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5  Lien avoidance.**

*Check all that apply.*

☒ **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**Judicial liens will be avoided by separate motion.  See 11 U.S.C. § 522(f)(1)(A)**.

**3.6  Surrender of collateral.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.6 need not be completed or reproduced*.

☒ The Debtor(s) elect to surrender to each creditor listed below the items of collateral listed below that secure the creditor's claim. The Debtor(s) request that upon confirmation of this Plan the stay under 11 U.S.C. § 362(a) be terminated as to the listed collateral only and that the codebtor stay under § 1301 be terminated with regard to the collateral surrendered. Unless otherwise ordered by the Court, the codebtor stay under § 1301 shall remain in effect as to any unsecured claim resulting from disposition of the collateral. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5, § 5.2 below.  If the creditor has timely filed a secured claim, the creditor shall have ninety (90) days from confirmation of the Plan to establish any deficiency and amend its proof of claim to state the deficiency.  If the deficiency is not established by amended proof of claim within the 90 day period, it shall be disallowed for purposes of distribution by the Trustee.

| Name of creditor | Collateral |
|---|---|
| Wells Fargo Dealer Services | 2013 Nissan Rogue |

*Insert additional claims as needed.*

## Part 4:  Treatment of Fees and Priority Claims

**4.1  Domestic Support Obligations**

☒ **None**. *If "None" is checked, the rest of § 4.1 need not be completed or reproduced*.

**4.2  All Other Claims Entitled to Priority Status [Including Fees of Counsel for the Debtor(s)]**

☐ **None**. *If "None" is checked, the rest of § 4.2 need not be completed or reproduced*.

| Name of Creditor | Description | Amount of Claim | Monthly Payments | Number of Payments | Total Payments by Trustee |
|---|---|---|---|---|---|
| The Colpitts Law Firm | Legal Fees | $5,435.00 | $645.00<br>$500.00 | 1-3<br>4-10 | $5,435.00 |

*Insert additional claims as needed*

*The amount of claim stated above shall not be construed to be a request for determination of the allowed priority claim amount under Federal Rule of Bankruptcy Procedure 3012.  However, the creditor shall be bound by the "Monthly Payments and Number of Payments" stated above under 11 U.S.C. § 1327(a).*

☒ **Counsel for Debtor(s) has elected to file an application for allowance of attorney's fees and costs.**

If this box is checked, Counsel for Debtor(s) shall file a fee application within 14 days following confirmation of the Chapter 13 Plan.  If the "Amount of Claim" above exceeds the amount of attorney fees allowed by the Court, the Trustee shall pay the excess to other creditors entitled to payment under the Plan.  If Counsel for Debtor(s) fails to file a fee application within 14 days following confirmation of the Plan, or by such time as allowed by Court Order, the Trustee shall disburse the entire "Amount of Claim" to other creditors entitled to payment under the Plan.

## Part 5:  Treatment of Nonpriority Unsecured Claims

**5.1  Separately classified nonpriority unsecured claims.**

*Check one.*

☒ **None**. *If "None" is checked, the rest of § 5.1 need not be completed or reproduced*.

**5.2  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid concurrently from funds remaining after disbursements have been made to all other creditors provided for in this Plan, on a *pro rata* basis.  The actual payback to nonpriority unsecured claimants may vary and could be less than projected below depending on the total nonpriority unsecured claims actually

filed and allowed, and how supplemental mortgage claims filed under Federal Rule of Bankruptcy Procedure 3002.1 are paid. See Parts 2.1 and 3.1.

| | |
|---|---:|
| Unsecured as filed: | $9,821.23 |
| Add: Claims relegated to unsecured status: | $27,815.07 |
| Subtract: Unsecured claims separately classified above: | $0.00 |
| **Total projected unsecured claims not separately classified:** | **$37,636.30** |
| **Projected (not guaranteed) amount available for these claims:** | **$3,917.00** |
| Projected (but not guaranteed) percentage payback to holders of unsecured claims that are not separately classified: | 10.41 % |

| Part 6: | Executory Contracts and Unexpired Leases |
|---|---|

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☒ **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | Property of the Estate, Stay and Other Provisions |
|---|---|

A. All property of the estate under 11 U.S.C. §§ 541 and 1306 at the time of confirmation of this Plan, and all property thereafter acquired and included in the estate under 11 U.S.C. § 1306, shall remain property of the estate until removed from the estate by statute or by separate order. The Debtor(s) shall remain in possession of property of the estate and be responsible for insuring and preserving it.

B. If in effect at confirmation, and unless otherwise terminated as provided for in Part 3, § 3.5 above, the automatic stay provided in 11 U.S.C. § 362(a) and the codebtor stay provided in 11 U.S.C. § 1301(a) shall remain in full force and effect until terminated or modified by statute or by order of the Court.

C. Confirmation of this Plan shall serve as a determination that the Debtor(s) have satisfactorily complied with 11 U.S.C. § 521(a) and the case shall not thereafter be subject to dismissal under 11 U.S.C. § 521(i).

D. The Debtor(s) shall not incur any debts without prior approval of the Court, except as may be necessary for emergency medical care in circumstances where prior approval is not practical.

E. If a priority or secured claim, including a mortgage arrearage claim, is filed for or amended to an amount less than the amount provided for in this Plan, the Trustee is authorized to pay the lesser amount.

F. If relief from the automatic stay is ordered as to any item of collateral securing a claim being paid under this Plan, then, unless otherwise specifically ordered by the Court, all payments to that secured creditor with respect to that claim will cease, and the Trustee is authorized to disburse any funds that the creditor would otherwise have been entitled to receive to other creditors under the Plan.

G. If this Plan is a modified Plan filed under 11 U.S.C. §1329(a), then all payments made by the Debtor(s) and all disbursements made by the Trustee prior to the confirmation of this Plan are incorporated herein and supersede any other provision contained herein.

| Part 8: | Nonstandard Plan Provisions |
|---|---|

**8.1 Check "None" or List Nonstandard Plan Provisions**

☐ **None**. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Federal Rule of Bankruptcy Procedure 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this Plan are void.*

*The following nonstandard provisions will be effective only if there is a check in the box "Included" in Part 1, § 1.1:*

1. With regard to the Rental Property located at 2147 N. Frankfort Ave, Tulsa, OK, the Debtor will purchase property insurance and pay all property taxes directly.

| Part 9: | Signature(s): |
|---|---|

**9.1 Signatures of Debtor(s) and Attorney for Debtor(s)**

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s)' signatures are optional. The attorney for the Debtor(s), if any, must sign below.

**Each Debtor and Attorney signing below certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in Local Form 3015-1 of the United States Bankruptcy Court for the Northern District of Oklahoma, or those contained in Local Form 3015-1(B) of the United States Bankruptcy Court for the Eastern District of Oklahoma, other than any nonstandard provisions included in Part 8.**

*/s/ Greggory T. Colpitts*               October 18, 2018
Greggory T. Colpitts, OBA No.: 14381     Date
**The Colpitts Law Firm**
6506 South Lewis, Suite 175
Tulsa, OK  74136-1079
918-747-9747
greg@colpittslawfirm.us
Attorney for Debtors